NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE DUFFY and SHAWN DUFFY,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Civil Action No. 22-06038 (GC) (RLS)<br><br>**MEMORANDUM ORDER** |

**CASTNER, United States District Judge**

This matter comes before the Court on pro se Plaintiffs Diane and Shawn Duffy's Applications to Proceed *In Forma Pauperis* (IFP). (ECF Nos. 17, 28, 29.) For the reasons set forth below, and other good cause shown, Plaintiffs' IFP applications are **DENIED**.

**I.    BACKGROUND**

The premise of this action is that Plaintiffs purchased a defective vehicle that Defendant manufactured. (*See generally* ECF No. 17.)[1]

On Defendant's motion, the Court dismissed Plaintiffs' initial complaint without prejudice, giving Plaintiffs an opportunity to amend. *Duffy*, 2023 WL 4601034. Plaintiffs timely amended, and Defendant answered. (ECF Nos. 17, 21.) Weeks later, Plaintiffs advised the Court that as pro se parties, they could not proceed without counsel. (ECF No. 24.) In response, the Court invited Plaintiffs to apply to proceed *in forma pauperis* and, if that application is granted, move for the

---

[1]    For a full recitation of the procedural and factual background, see *Duffy v. Stellantis*, Civ. No. 24-06038, 2023 WL 4601034 (D.N.J. Jul. 18, 2023).

appointment of pro bono counsel. (ECF No. 25.) Plaintiffs' IFP applications followed. (ECF Nos. 28, 29.)

## II. LEGAL STANDARD

To avoid paying the filing fee for a civil case in federal court, a litigant may apply to proceed *in forma pauperis*. In considering applications to proceed *in forma pauperis*, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id*. Under Section 1915(a), a plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Ball v. Famiglio,* 726 F.3d 448, 452 (3d Cir. 2013). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

## III. DISCUSSION

Plaintiffs' IFP applications indicate that their assets and monthly income are too high for Plaintiffs to qualify for the complete indigency requirement justifying IFP status.

Courts consistently deny IFP status to parties whose financial profiles resemble that of Plaintiffs here. *See, e.g.*, *In re Mactruong*, 335 F. App'x 156, 158 (3d. Cir. 2009) (affirming the denial of IFP status to plaintiff with rental income of $3,000 a month, two cars, less than $500

average in her bank account, and an IRA account worth $8,000); *Roberts v. Twp. of Horsham*, Civ. No. 94-1821, 1994 WL 384934, at *1 (E.D. Pa. July 19, 1994) (denying IFP application because plaintiff listed real estate valued at $130,000 as an asset even though she reportedly had no present income). Even where a plaintiff is in bankruptcy proceedings, the United States Court of Appeals for the Third Circuit has affirmed the denial of IFP status to a plaintiff who "had rental income of $3,000 a month, two cars (though one had its 'title in litigation'), 'less than $500 average in a bank account, and an IRA account worth $8,000." *Smith v. Dobin*, Civ No. 23-4485, 2023 WL 8113356, at *2 (D.N.J. Nov. 22, 2023) (quoting *In re Mactruong,* 335 F. App'x at 158).

Having carefully considered Plaintiffs' reporting in their IFP applications, the Court finds that they have not established complete indigency necessary for IFP status. (ECF Nos. 28, 29.) Mr. Duffy reports having no monthly income and his monthly expenses total $60. (ECF No. 29 at 4.) He also reports having $132 in cash and $132 in a savings account. (ECF 29 No. at 2.) Ms. Duffy reports monthly expenses of $7,160, which exceed her reported average monthly income of $3,010.60 in retirement payments. (ECF No. 28 at 2, 4.) Ms. Duffy is also recently unemployed and does not indicate receiving any employment benefits. (ECF No. 28 at 2, 5.) But Ms. Duffy reports owning substantial assets, including a home valued at $249,900 and two new vehicles valued at $11,210 and $24,901, totaling $286,011 in assets. (ECF No. 28 at 3.) The Court therefore cannot find that Plaintiffs are eligible for IFP status.

Accordingly, Plaintiffs' IFP applications are denied. As a result, Plaintiffs cannot qualify for the appointment of pro bono counsel.

## IV. CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

IT IS on this 28th day of June 2024 **ORDERED** as follows:

1. Plaintiffs' Applications to Proceed *In Forma Pauperis* (ECF Nos. 28, 29) are **DENIED**.

2. By July 19, 2024, Plaintiffs are to file a letter advising as to whether they wish to proceed with this case or instead seek to dismiss it.

3. The Clerk's Office is directed to mail Plaintiffs a copy of this Memorandum Order.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE